UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BOWEN,<br><br>         Plaintiff,<br><br>   v.<br><br>THE CITY OF OAKLAND, et al.,<br><br>         Defendants. | Case No. 19-cv-01089-PJH<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 2 |

Plaintiff Michael Bowen filed this action on February 27, 2019. Dkt. 1. The complaint alleges that plaintiff has the right to possess land located at 2199 East 12th Street in Oakland, California and that the City of Oakland planned to wrongfully evict him and others from that land. Id. Plaintiff's complaint and motion for temporary restraining order allege that the City of Oakland notified plaintiff on February 22, 2019 that it would evict him at 8 a.m. on Wednesday, February 27, 2019. Dkt. 1 at 4; see also Dkt. 2 at ECF pp. 8 (Ex. F, "Notice to Vacate Illegal Encampment"), 11 (Ex. G). Plaintiff seeks an injunction preventing defendants from evicting him and other occupants. Dkt. 1 at 5. Plaintiff moved the court for a temporary restraining order on February 27, 2019. Dkt. 2. This action was reassigned to the undersigned on February 28, 2019. Dkt. 8.

First, plaintiff is ORDERED TO SHOW CAUSE why his motion for a temporary restraining order is not moot. If plaintiff has already been evicted, the court cannot grant the relief plaintiff's temporary restraining order seeks, which is to prevent the eviction before it occurs. Because plaintiff alleges that the eviction was scheduled to occur on February 27, and because the City of Oakland's website also reports that the land at

1  issue was scheduled to be "cleaned up" on February 27, 2019,[1] plaintiff must show that

2  his motion for a temporary restraining order is not moot.  Plaintiff may file a response with

3  the court showing that the relief he seeks is not moot by 4 p.m. on Friday, March 1, 2019.

4      Second, Federal Rule of Civil Procedure 65 provides that a temporary restraining

5  order may be issued without notice to the adverse party only if, among other things,

6  plaintiff explains to the court in writing the efforts he made to give notice of the motion to

7  defendants and the reasons why successful notice to defendants should not be required.

8  Fed. R. Civ. P. 65(b)(1)(B).  Plaintiff has not met that requirement, so the court may not

9  issue a temporary restraining order without notice to defendants.

10      As such, if the motion for a temporary restraining order is not moot, plaintiff is

11  ORDERED TO SERVE DEFENDANTS with copies of the complaint and motion for

12  temporary restraining order by 5 p.m. on Friday, March 1, 2019.  Defendants may file a

13  response to plaintiff's motion by 5 p.m. on Monday, March 4, 2019.  If the motion for a

14  temporary restraining order is not moot, the court shall hold a hearing on the motion at

15  9 a.m. on Wednesday, March 6, 2019 in Courtroom 3, 3rd Floor, 1301 Clay Street,

16  Oakland, California.

17      **IT IS SO ORDERED.**

18  Dated:  February 28, 2019

19  _____

20  PHYLLIS J. HAMILTON
    United States District Judge

21

22

23

24

25

26

27  _____

28  [1] See https://www.oaklandca.gov/documents/homeless-encampment-clean-up-schedule; https://cao-94612.s3.amazonaws.com/documents/02-25-19-to-03-08-19-Website-Homeless-Encampment-Clean-Up-Schedule.pdf.