UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LAWRENCE BOWEN,<br>　　　　Plaintiff,<br>　　v.<br>THE CITY OF OAKLAND, et al.,<br>　　　　Defendants. | Case No. 19-cv-01089-PJH<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER, TERMINATING MOTION FOR PRELIMINARY INJUNCTION, AND SETTING BRIEFING SCHEDULE FOR MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 1, 2, 4 |

Plaintiff Michael Bowen's motion for a temporary restraining order came on for hearing before this court on March 6, 2019. Plaintiff appeared pro se. Defendants appeared through their counsel, Jamillah Jefferson. Having read the papers filed by plaintiff and carefully considered the arguments of both parties and the relevant legal authority, and good cause appearing, the court rules as follows for the reasons stated at the hearing and for the following reasons.

On February 27, 2019, Bowen filed a complaint against defendants the City of Oakland ("the City"), Libby Schaaf (Mayor), Joe Devries (Asst. to City Administrator), and the Oakland Department of Public Works. Dkt. 1. The complaint asserts claims under 42 U.S.C. § 1983 for violations of: (1) the Eighth Amendment to the United States Constitution; (2) the Fourth Amendment to the United States Constitution; (3) the Fourteenth Amendment to the United States Constitution; and (4) Cal. Civ. Code § 1006. Plaintiff filed motions for a temporary restraining order and a preliminary injunction on the same day. Dkts. 2, 4.

The complaint alleges that plaintiff and others took up residence on formerly-abandoned land they have labeled 2199 E. 12th Street, in Oakland. Plaintiff alleges that on February 22, 2019, defendants posted a notice of eviction stating that plaintiff and the other residents of 2199 E. 12th Street were trespassing on public land. He seeks an injunction preventing eviction. Dkt. 1 at 5. The eviction was scheduled to take place at 8 a.m. on Wednesday, February 27, 2019, or on the following day. Dkt. 1 at 4; see also Dkt. 2 at ECF pp. 8 (Ex. F, "Notice to Vacate Illegal Encampment"), 11 (Ex. G).

To date, plaintiff has not been evicted. Defendants represented at the hearing that the February 22, 2019 notice of eviction plaintiff is challenging has expired. Because it has expired, defendants will not evict plaintiff pursuant to that notice of eviction. Defendants further represented that prior to any attempt to evict plaintiff, they will post a new notice of eviction. They also represented that they do not have any imminent intent to post another notice of eviction for 2199 E. 12th Street, and they do not have an imminent intent to evict plaintiff from that land.

Based on defendants' representations that they will not evict plaintiff pursuant to the February 22, 2019 notice of eviction, and that they have no imminent plans to evict plaintiff, Bowen is not likely to suffer irreparable harm in the absence of preliminary relief from this court at this time. Therefore, Bowen's motion for a temporary restraining order is DENIED. The same analysis would likely apply to plaintiff's motion for a preliminary injunction, so plaintiff WITHDREW his motion for a preliminary injunction at the March 6, 2019 hearing. Bowen's motion for a preliminary injunction is accordingly TERMINATED.

Bowen's complaint remains pending. If defendants wish to file a motion to dismiss, they must do so on or before April 22, 2019. If Bowen wishes to file an opposition to defendants' motion, he must do so on or before May 6, 2019. Defendants

///
///
///
///

2

may file a reply on or before May 13, 2019.

**IT IS SO ORDERED.**

Dated: March 6, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge

3